Case 4:21-cv-02640   Document 1-4   Filed on 08/13/21 in TXSD   Page 1 of 10

6/23/2021 12:38 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54698717
By: Maria Rodriguez
Filed: 6/23/2021 12:38 PM

2021-37644 / Court: 165

CAUSE NO. _____

| | | |
|---|---|---|
| SHARON BORJA, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| R&R SUNSHINE STARS TRANSPORT, LLC and YOVANY MARRERO-MORENO | § § § | |
| | § | |
| *Defendants*. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Sharon Borja files this Original Petition complaining of the acts or omissions of R&R Sunshine Stars Transport, LLC and Yovany Marrero-Moreno, and respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.  Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES & SERVICE

2.  Plaintiff, Sharon Borja, Ph.D., is an individual residing in Harris County, Texas, and a Texas citizen. She may be contacted through her counsel of record, ZEHL & ASSOCIATES, P.C.

3.  Defendant R&R Sunshine Stars Transport, LLC is a Foreign Limited Liability corporation with its headquarters and principal place of business located at 11335 S.W. 133rd Terrace, Miami, Florida 33176. Pursuant to section 17.044 of The Texas Civil Practice and Remedies Code, the Texas Secretary of State is Defendant R&R Sunshine Stars Transport, LLC's agent for service of process. Defendant R&R Sunshine Stars Transport, LLC may be served

DEFENDANTS' COMPOSITE EXHIBIT "D"

through the Texas Secretary of State through its registered agent Global Tax & Accounting Group Corp, at 3399 NW 72 Avenue, Suite 216, Miami, Florida 33122. Plaintiff requests a citation.

4. Defendant Yovany Marrero-Moreno is a person who resides at 2714 West 74th Street Hialeah, Florida 33016. Pursuant to section 17.061 of The Texas Civil Practice and Remedies Code, the Chair of the Texas Transportation Commission is the agent for Defendant Yovany Marrero-Moreno. Plaintiff requests a citation.

5. He may be served at that address or wherever he may be found. Plaintiff requests a citation.

### III.
### MISNOMER/ALTER EGO

6. If any parties are misnamed or not included here, Plaintiff contends that such an omission is a "misidentification," "misnomer," or an "alter ego" of the parties named here. Alternatively, Plaintiff contends that any "corporate veils" should be pierced to properly include, in the interest of equity and justice, those who injured Plaintiff.

### IV.
### JURISDICTION & VENUE

7. The subject matter in controversy is within the jurisdictional limits of this Court.

8. This Court has personal jurisdiction over Defendants because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas. Defendants do business in the State of Texas. And, under to section 17.042 of the Texas Civil Practice and Remedies Code, they committed a tort in the State of Texas. Beyond other acts that may constitute "doing business," a nonresident does business in the State of Texas if the nonresident commits a tort in whole or in part in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (2).

9. So, because they engaged in acts that constitute "doing business" in the State of Texas, which purposefully established their contacts with the State of Texas, there is personal jurisdiction over Defendants. In no way will the assumption of jurisdiction Defendants offend traditional notions of fair play and substantial justice.

10. In additional to other acts that may constitute "doing business," a nonresident does business in the State of Texas if the nonresident commits a tort in whole or in part in the State of Texas. *See* Tex. Civ. Prac. & Rem. Code § 17.042 (2). By negligently injuring Plaintiff, Defendants committed a tort in the State of Texas.

11. Venue is proper and maintainable in Harris County, Texas, under Section 15.002(a)(3) of the Texas Civil Practice and Remedies Code because it is where the tort occurred.

## V.
## FACTS

12. On November 19, 2019, at around 7:54 p.m., Plaintiff was a passenger in a Honda Pilot on Interstate 45 in Harris County, Texas. Suddenly, and without warning, Yovany Marrero-Moreno drove a commercial F-550 truck, which was owned and/or otherwise controlled by R&R Sunshine Stars Transport, LLC, into the back of the Honda Pilot.

13. Mr. Marrero-Moreno failed to control the speed of the R&R Sunshine Stars Transport, LLC's F-550, maintain a safe follow distance, or maintain a proper lookout. That is why he slammed into the back of the Honda Pilot carrying Plaintiff. Mr. Marrero-Moreno's failure to control speed was the sole and proximate contributing factor leading to this wreck, as reported by Officer Krause of the Houston Police Department.

14. On information and belief, Mr. Marrero-Moreno was operating this commercial truck in the course and scope of his employment or statutory employment with R&R Sunshine Stars Transport, LLC.

15. As a result of Defendants' conduct, which proximately caused her damages, Plaintiff reported to the Emergency Room for treatment of serious injuries, from which she still suffers. Plaintiff will continue to need substantial medical treatment to recover.

## VI.
## NEGLIGENCE AGAINST YOVANY MARRERO-MORENO

16. Plaintiff incorporates all other paragraphs by reference here fully.

17. Mr. Marrero-Moreno, the driver of the commercial motor vehicle, had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances like those described above.

18. Mr. Marrero-Moreno's negligent, careless, and reckless disregard of this duty proximately caused Plaintiff's injuries.

19. The negligent, reckless, and careless disregard of this duty consisted of, but is not limited to, these acts and omissions:

   a. failing to keep proper lookout for Plaintiff's vehicle that a person of ordinary prudence would have maintained under the same or similar circumstances;

   b. failing to apply the brakes to his motor vehicle in a timely and prudent manner or wholly failing to apply his brakes in order to avoid the collision;

   c. failing to control speed in violation of § 545.351 of the Texas Transportation Code;

   d. failing to maintain safe following distance in violation of § 545.062 of the Texas Transportation Code;

   e. failing to make a prudent evasive maneuver to avoid a motor vehicle collision;

   f. violating the Texas Transportation Code;

   g. violating the Federal Motor Carrier Safety Regulations; and

   h. other acts considered negligent, as discovery of this case will reveal.

4

## VII.
## RESPONDEAT SUPERIOR

20. Plaintiff incorporates all other paragraphs by reference here fully.

21. Whenever Plaintiff alleges that R&R Sunshine Stars Transport, LLC did or failed to do an act or omission, Plaintiff means that R&R Sunshine, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that particular act or omission. This applies to acts or omissions by Mr. Marrero-Moreno, in the course and scope of his employment, agency, or contract with R&R Sunshine, to advance R&R Sunshine's business. Under Texas Rule of Civil Procedure 28, Plaintiff may sue any entity doing business under an assumed name may in its assumed name to enforce against it a substantive right.

22. At the time of the collision, and right before it, Mr. Marrero-Moreno was within the course and scope of his employment with R&R Sunshine.

23. At the time of the collision, and just before it, Mr. Marrero-Moreno was engaged in accomplishing a task for which R&R Sunshine employed him.

24. Additionally, or alternatively, Mr. Marrero-Moreno was a statutory employee of R&R Sunshine under 49 C.F.R. §§ 376.11–12, 390.5 et seq., 37 Tex. Admin. Code § 4.11 et seq., and other applicable laws.

25. Thus, under the doctrine of respondeat superior, R&R Sunshine is vicariously liable for Mr. Marrero-Moreno's conduct.

## VIII.
## NEGLIGENCE OF R&R SUNSHINE STARS TRANSPORT, LLC

26. Plaintiff incorporates all other paragraphs by reference here fully.

27. The statutory violations and negligent acts and omissions of Yovany Marrero-Moreno and R&R Sunshine Stars Transport, LLC separately and collectively, were a direct and

proximate cause of this incident and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence per se. More specifically, Mr. Marrero-Moreno and R&R Sunshine violated §§ 545.062 and 545.351 of the Texas Transportation Code, as well as sections of the Federal Motor Carrier Safety Regulations.

28. Mr. Marrero-Moreno and R&R Sunshine's violations of these rules and statutes created the very risk of injury to Plaintiff that state and federal standards were designed to protect against. Such negligence proximately caused Plaintiff's injuries and damages.

29. R&R Sunshine's negligent acts and omission also include, without limitation:

a. negligently entrusting the vehicle to Mr. Marrero-Moreno when OC R&R Sunshine knew or should have known that Mr. Marrero-Moreno was an incompetent driver, unqualified to drive a commercial motor vehicle, and inadequately trained;

b. negligently hiring and entrusting incompetent drivers, including Mr. Marrero-Moreno, with the right to operate a commercial motor vehicle;

c. negligently failing to properly train Mr. Marrero-Moreno in the operation of the subject vehicle;

d. negligently supervising Mr. Marrero-Moreno;

e. negligently training Mr. Marrero-Moreno;

f. failing to do what a reasonably prudent motor carrier would do under the same and similar circumstances;

g. violating the Texas Transportation Code, the Texas Department of Public Safety's Commercial Vehicle Regulations, and the Federal Motor Carrier Safety Regulations; and

h. such other acts of negligence, which will be established as the case progresses.

30. R&R Sunshine's conduct reflects a reckless disregard for the safety of others— including Plaintiff—and conscious indifference to the rights, welfare, and safety of Texas drivers.

## IX.
## GROSS NEGLIGENCE

31. Plaintiff incorporates all other paragraphs by reference here fully.

32. Plaintiff respectfully shows this Court and the Jury that R&R Sunshine's gross negligence, acting by and through its employees, agents, drivers, officers, and representatives in the course of employment, caused Plaintiff's injuries and damages.

33. Plaintiff would continue to show that these acts and omissions, when viewed from the standpoint of R&R Sunshine, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. R&R Sunshine had actual, subjective awareness of the risks of its conduct, but still proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

34. Additionally, R&R Sunshine is grossly negligent for recklessly hiring, retaining, and entrusting a commercial motor vehicle to Mr. Marrero-Moreno, who was unqualified, through training or experience, to operate it. The reckless hiring, retention, failure to properly train, and entrustment of a commercial motor vehicle to Mr. Marrero-Moreno proximately caused Plaintiff's damages.

35. So R&R Sunshine is grossly negligent and should face exemplary damages.

## X.
## DAMAGES

36. Plaintiff incorporates all other paragraphs by reference here fully.

37. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered severe injuries and incurred these damages:

    a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of her injuries resulting from

the incident complained of here and such charges are reasonable and were usual and customary charges for such services;

b. Reasonable and necessary medical care and expenses which, in all reasonable probability, Plaintiff will incur in the future;

c. Physical pain and suffering in the past and in the future;

d. Physical impairment in the past, which, in all reasonable probability, Plaintiff will continue to suffer from in the future;

e. Mental anguish in the past and in the future;

f. Disfigurement in the past and in the future;

g. Cost of medical monitoring and prevention in the future;

h. Lost wages in the past;

i. Loss of future earning capacity which Plaintiff will probably suffer; and

j. All other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## XI.
## EXEMPLARY DAMAGES

38. Plaintiff incorporates all other paragraphs by reference here fully.

39. The acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in these acts or omissions, yet proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

40. Based on these facts, Plaintiff requests exemplary damages.

## XII.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

41.     Plaintiff prefers to have the Jury determine the fair amount of compensation for Plaintiff's damages. It is too early in the case to assess the full nature and scope of Plaintiff's injuries and the effect they will have. Plaintiff, therefore, requests that the Jury decide the appropriate amount of Plaintiff's compensation.

42.     Because, however, Texas Rule of Civil Procedure 47 *requires* Plaintiff to identify the amount of monetary relief sought, Plaintiff preliminarily requests over $1,000,000 in damages.

## XIII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

43.     Under Texas Rule of Civil Procedure 193.7, Plaintiff gives notice that she intends to use all discovery instruments produced in discovery at trial. Such discovery instruments include, but are not limited to, all documents Defendants have produced in response to written discovery requests.

## XIV.
## JURY TRIAL

44.     Plaintiff requests a trial by jury on all claims and has paid or will pay the jury fee.

## XV.
## CONCLUSION & PRAYER

For these reasons, Plaintiff Sharon Borja requests that Defendants R&R Sunshine Stars Transport, LLC and Yovany Marrero-Moreno be cited to appear and answer and that, upon a final hearing of the cause, the Court enter judgment for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, as allowed by section 41.008 of the Texas Civil Practice and Remedies Code, together with prejudgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by the law; post judgment interest at the legal rate; costs of court; and such other and further relief which the Court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ W. Lamar DeLong*
W. Lamar DeLong
Texas State Bar No. 24101693
ldelong@zehllaw.com
Charles M. Stam
Texas State Bar No. 24106462
cstam@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone 713.491.6064
Facsimile 713.583.8545

**ATTORNEYS FOR PLAINTIFF**